IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:09-CV-00062-JAJ-CFB |
| | ) | |
| HOWARD MUSIN, JILL SCHWARTZ-MUSIN, individually, and d/b/a SSC SERVICES, INC., M_S SERVICES, INC., SCHWARTZ'S SYSTEMS CORPORATION | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXTEND DISCOVERY AND PRETRIAL DEADLINES**

For the reasons set forth below, Plaintiff, the United States of America, opposes Defendants' Motion to Extend Discovery and Pretrial Deadlines. (Dkt. No. 106). Defendants seek a unilateral extension of time in which to conduct discovery, request that the Court allow them to serve up to 398 additional interrogatories, request additional time to file a motion to compel, and request that the Court extend the dispositive motion deadline.[1] The United States opposes the relief sought, except that we do not object to allowing the Defendants additional time to file a motion to compel with respect to our interrogatory responses.

**STATEMENT**

---

[1] Defendants also notify in their motion that there "is a strong likelihood that trial in this manner (sic) will exceed the seven (7) days previously estimated by the parties." The United States stands by its earlier estimates, and believes that the case may be resolved, or the issues narrowed, by motions for summary judgment. The United States opposes any further rescheduling of the trial date.

This is an action to enjoin Defendants from preparing federal income tax returns that the United States has alleged are injurious to the public fisc. The United States alleges in its Complaint, (Dkt. No. 1), that it is irreparably harmed by Defendants understating the tax liabilities of customers for whom they prepare federal income tax returns; trial in this matter was originally scheduled for February 8, 2010. (Text order dated May 1, 2009.) Defendants requested and received a continuance of the trial until after tax preparation season. Trial in this matter was rescheduled for June 14, 2010 by Order dated October 21, 2009. (Dkt. No. 64.) and again continued by Order of this Court until November 8, 2010 (Dkt. No. 92).

Discovery commenced on October 13, 2009 and ended on May 10, 2010. On January 19, 2010, the Court heard the United States' motion to compel certain interrogatory responses and document production, and in resolving the United States' motion to compel, the Court granted the United States limited access to Defendants' files. In addition to setting other deadlines concerning the United States' review of Defendants' customer files, the Court also extended the discovery period, which had been set to expire on February 19, 2010. (Dkt. No. 92.)

In the wake of the Court's order granting our Motion to Compel, the Defendants produced copies of tax returns on or about January 27, 2010. The United States developed a list of customer files to review. Defendants also produced approximately 35,000 pages of customer files in two batches on or about February 8 and March 22, 2010, which the United States has reviewed. The United States on March 9, 2010 filed a motion to extend time to complete discovery for 90 days (Dkt. 96), in part to "allow the United States to review some of the Defendants' customer files before scheduling further depositions, and will allow the United States time to supplement the material in the Defendants' files with subpoenas to third parties,

some of which the United States has already issued." Defendants objected to this motion, and the Court allowed only an additional 40 days of discovery. (Dkt. 97).

Defendants have had ample time to conduct discovery. The United States has been diligent in complying with the Defendants' discovery requests.  In addition to producing over 50,000 pages of documents to the Defendants in formal and informal discovery, we provided 99 pages of detailed responses to interrogatories on March 3, and most recently supplemented with 201 pages on April 26.  We have conferred in good faith with defendants' counsel, and have agreed to further supplement our interrogatory responses with even greater detail about the instances of misconduct.  We are still in the process of further supplementing our interrogatory responses.

On April 23, 2010, the Court granted the United States' motion for protective order and motion to quash the Rule 30(b)(6) deposition notice, finding that a contention deposition of an agent of the United States under Rule 30(b)(6) would be unduly burdensome. (Dkt. No. 104). In the Order, the Court pointed out that "it may be more efficient to proceed with a dispositive motion on the claims or clients that Defendants feel the government have not provided sufficient information about . . ." *Id.* at 3.  Defendants have objected to that Order. (Dkt. 105).

Now Defendants are requesting additional time to complete discovery, and requesting that this additional time be allotted only to the Defendants and not the United States. In addition, the Defendants have requested permission to serve "up to 398 additional interrogatories" on the United States.  Defendants base their request for more time on the fact that the United States disclosed information on about 398 instances of "alleged misconduct" on the part of the

Defendants on April 8, 2010, and April 26, 2010.[2]  Defendants state, somewhat disengenously, that they "were not aware of the extensive additional investigation that the United States was going to engage in . . ."

## DISCUSSION

Defendants' request is unreasonable.   They claim they need additional time to "discover" the evidence against them, which consists in large part on the tax returns they prepared, their own customer files, and documents obtained from their customers. The Defendants now say the United States engaged in "extensive additional investigation. " Actually the United States has been engaged in fact discovery. We reviewed the files Defendants reluctantly produced in discovery, subpoenaed records from Defendants' customers, and took depositions.  Defendants may not like the result of the fact discovery, but they can hardly say they weren't aware of its occurrence.

There are several flaws with this argument that they need additional discovery. First, they **know** how they prepared the returns.  They know, for example, that the Form 1065 partnership return for 2006 that they prepared for Coogan and Associates claimed as business deductions the individual partners' expenses related to a vacation in Croatia.  They knew it was not a business expense because Mrs. Coogan wrote a note on her expense information provided to the Defendants which said: "We took a trip in September 2006 to Croatia –Can any of it be deducted say for 'lifestyle promotion' of the business.?"

---

[2] Defendants have not supplemented their responses to interrogatories at all.

Moreover, even if Defendants are somehow surprised by their own conduct, we explained about it in great detail in our amended responses to interrogatories.[3]

> *Coogan reported certain expenses as pertaining directly to her trip to Croatia. She reported, "London--Croatia trip food" of $136.84; "London - Croatia Trip Room" of $527.98; "London - Croatia Trip Air" of $612.90. (SD16330.) She also reported miscellaneous travel expenses of $139.56. (SD16324.) Coogan reported travel lodging expenses of $5868.36 and airfare of $4652.66. (SD16324.) She reported paying $1145.44 for rental cars. (SD16317.)  She paid $880.88 for "tolls, parking fares, taxis." (SD16320.)  Defendants' input sheet shows, "Travel . . . 14798 . . . 1633(800 + 1145 + 881 + 5868 + 4653 + 140 + 137 + 528 + 613." (CF34219.)  On her 2006 expenses, Coogan explained, "We took a trip in September 2006 to Croatia -- Can any of it be deducted say for "lifestyle promotion" of the business? (SD16330.)  The Croatia expenses are clearly personal, the airfare, food, and room expenses were deducted at 100%. The Miscellaneous expenses included the purchase of a garment bag, which is a personal expense.  The parking fees included ground transportation at Heathrow.*

Thus, it is not at all clear what additional discovery the Defendants need to take.  It is inconceivable that asking **398** additional interrogatories could be worthwhile.  There does not appear to be any purpose served by an extension of time beyond delay.

Nor is it clear why the Defendants should be permitted additional discovery, but not the Plaintiff.  Twice the United States has had to file motions to compel discovery from the Defendants, and have been delayed in completing discovery.  Defendants complain about the numerous additional instances of misconduct recently disclosed, but the United States didn't have access to the Defendant's customer files until March 22.  Reviewing all of the files, serving subpoenas on numerous customers, analyzing and compiling the information, was a prodigious task.  Having accomplished it, the attorneys for the United States should not now be obligated to draft busywork answers to hundreds of interrogatories while the Defendants continue to prepare fraudulent tax returns. This case was commenced in February of 2009, and two tax preparation

---

[3] See United States' Response to Defendants' Appeal of Order of Magistrate Judge (Dkt. No 108) at p. 4.

seasons have passed.  It is time to prepare dispositive motions or proceed to trial.  Enough is enough.

The United States respectfully requests that this Court deny Defendants' Motion to Extend Discovery and Pretrial Deadlines.

Dated this 18th day of May 2010.

                                  Respectfully submitted,

                                  NICHOLAS KLINEFELDT
                                United States Attorney

                                *s/Ann Reid*
                                ANN REID
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                PO Box 7238
                                Ben Franklin Station
                                Washington, D.C. 20044
                                Telephone: (202) 514 6636
                                Fax: (202) 514-6770
                                Email: Ann.Carroll.Reid@usdoj.gov

## Certificate of Service

I hereby certify that on May 18, 2010, I filed a true and accurate copy of the Plaintiff's Opposition to Defendants' Motion to Extend Discovery and Pretrial Deadlines foregoing using the Court's ECF system, which will provide notice electronically to Ronald L. Mountsier, Esq., Attorney for the Defendants.

                                *s/ Ann Reid*
                                ANN REID