IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOWARD MUSIN, JILL SCHWARTZ-MUSIN, SSC SERVICES, INC., M-S SERVICES, INC., SCHWARTZ'S SYSTEMS CORPORATION,<br><br>Defendants. | No. 4:09-cv-00062-JAJ-CFB<br><br>**ORDER** |

This matter comes before the Court pursuant to Counterclaim Plaintiff's (collectively, the "Musins") Counterclaim I and their Motion to Amend Counterclaim. (Dkt. No. 259). They seek to add two additional Counterclaims (Counts II and III). The Government filed an Opposition (Dkt. No. 265) to the Musin's motion, and the Musins filed a Reply. (Dkt. No. 268). For the following reasons, the Motion to Amend Counterclaim is denied, and Counterclaim I is dismissed.

**I. DISCUSSION**

**A. Standard For Amendment of Pleadings**

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of right, within certain time constraints. Fed R. Civ. P. 15(a)(1). A party may only further amend its pleadings with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, "[t]here is no absolute or automatic right to amend." *CIVCO Med. Instruments Co. v. Protek Med. Prods., Inc.*, 231 F.R.D. 555, 557 (S.D. Iowa 2005). Specifically, the Court may properly deny leave to amend if there has been undue delay. *Sherman v Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2006). Here, there has

been undue delay. The Musins became aware of these claims approximately two years before the filing of this motion, which is also approximately two years before the bench trial was held in this case. And yet, they fail to provide any explanation for the delay in filing this motion a month after the bench trial was held. For these reasons, the Court finds that the Musins have unduly delayed the filing of this motion to amend and denies their motion.

Even if the Musins' had not unduly delayed the filing of their motion to amend, however, the Court would deny the motion as futile. A court may properly deny leave to amend if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.; Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir.2008)). Here, the Court finds that the Musins' proposed counterclaims each fail to state a claim upon which relief can be granted, as discussed in greater detail below. See Fed. R. Civ. P 12(b)(6).

### B. Amendment as to Counterclaim II is Futile

Proposed Counterclaim II alleges that the Government illegally disclosed to the IRS Appeals Office that the Musins were the subject of an investigation and that this violates 26 U.S.C. § 6103(b)(2)(A) and 26 U.S.C. § 7431. Specifically, the Musins allege that Revenue Agent Kathleen Roberts sent various report transmittals to the IRS Appeals Office in relation to a number of appeals filed by the Musins' clients. On each of those report transmittals, Roberts noted that the appeal was part of a larger investigation of the Musins. The Musins seek monetary damages for each allegedly illegal disclosure.

Title 26 U.S.C. § 6103 provides that, "except as authorized by this title . . . no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such." Section 6103(b)(2)(A) defines "return information" to include:

> a taxpayer's identity, the nature, source, or amount of his

> income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . . .

26 U.S.C. § 6103(b)(2)(A). Section 6103 also provides for various exceptions to the general prohibition. Relevant here is § 6103(h)(1), which provides:

> Department of the Treasury.--Returns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes.

6 U.S.C.A. § 6103.

Title 26 U.S.C. § 7431 provides that a taxpayer can bring a civil action for damages against the United States if "any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103." Subsection (b) of that statute, however, provides that "[n]o liability shall arise under this section with respect to any inspection or disclosure . . . which results from a good faith, but erroneous, interpretation of section 6103 . . . ." 26 U.S.C. 7431(b)(1).

The Musins' second proposed counterclaim would not withstand a Rule 12(b)(6) motion to dismiss because Roberts provided the information to the IRS Appeals Office, which has an official duty to inspect such tax information. Indeed, Roberts provided the information to the Appeals Office because the Musins were representing the clients on

appeal, and Roberts wanted to inform the Appeals Office of the potential conflict of interest that the Musins might face as a part of those proceedings.  Subsection (h)(1) makes it clear that §6103 was not intended to prohibit communication that is internal to the Treasury Department and necessary for its proper administration.  Even if this were not a correct interpretation of § 6103, it is certainly a good faith interpretation of that section, from which no liability can arise under § 7431.  *See* 26 U.S.C. 7431(b)(1).  Accordingly, because Proposed Counterclaim II would not survive a Rule 12(b)(6) motion to dismiss, the Musins' Motion to Amend with respect to that counterclaim would be denied as futile if it were not denied for reasons of undue delay.

### C. Counterclaim III Amendment

Proposed Counterclaim III alleges that either Department of Justice Attorney Robert Fay or Revenue Agent Jean Lane, or both, illegally disclosed to Steven and Jeanne Toovell, clients of the Musins, that the Musins were the subject of an investigation with respect to possible action under Sections 6694, 6695, 6700, 6701, 7402, 7407, and 7408 of the Internal Revenue Code.  As in Proposed Counterclaim II, the Musins claim this violates 26 U.S.C. 6103(b)(2)(A) and 26 U.S.C. § 7431.

As stated above, however, to constitute "return information," the information must be "received by, recorded by, prepared by, furnished to, or collected by the Secretary [of Treasury]." 26 U.S.C. § 6103(b)(2)(A).  Other circuits have held that "information collected by the United States Attorney's Office, even with the assistance of an IRS Special Agent, is not information belonging to the Secretary of the Treasury - it is within the custody of the Attorney General or the Department of Justice." *Ryan v. Untied States*, 74 F.3d 1161, 1163 (11th Cir. 1996); *see also Baskin v. United States*, 135 F.3d 338, 343 (5th Cir. 1998) ("As in *Ryan*, information collected by the United States Attorney's Office, even with the assistance of an IRS Special Agent, is not information belonging to

the Secretary of the Treasury.") (citing *Ryan* 74 F.3d at 1163). This Court agrees. Information obtained by the Department of Justice, even if in consultation with an IRS Special Agent, does not constitute "return information" as defined by § 6103.

The Musins' second proposed counterclaim would similarly not withstand a Rule 12(b)(6) motion to dismiss because the information disclosed – the mere fact that the Musins were being investigated by the Department of Justice – is not "return information" under the definition in 26 U.S.C. § 6103(b)(2)(A). Even if disclosed by Revenue Agent Lane, the information disclosed was Department of Justice information, not information "received by, recorded by, prepared by, furnished to, or collected by" the Treasury Department. 26 U.S.C. § 6103(b)(2)(A). Accordingly, the Musins' Motion to Amend with respect to Proposed Counterclaim III would be denied as futile if it were not denied for reasons of undue delay.

### D. Counterclaim I

Counterclaim I alleges that Agents Roberts and Lane, and Attorney Fay met with Arindam Chatterjee and his representative in August or September of 2008 and that, during that meeting, they illegally disclosed that the Musins were the subject of an investigation. The Musins allege that this was a violation of 26 U.S.C. § 6103(b)(2)(A) and 26 U.S.C. § 7431, and they seek monetary damages.

Initially, the Court notes that this counterclaim fails as a matter of law for the same reason that the Motion to Amend with respect to Counterclaim III was denied – namely, that the information alleged to have been disclosed was information collected by the Department of Justice rather than the Treasury Department. Consequently, the information does not qualify as "return information" under 26 U.S.C. § 6103(b)(2)(A).

Moreover, the facts established at trial do not support the Musins' claim. The Court has found no evidence to support their claim that anyone improperly disclosed to Chatterjee that the Musins were under investigation by the Department of Justice.

Accordingly, Counterclaim I is dismissed.

## II. CONCLUSION

Upon the foregoing,

**IT IS ORDERED** that Counterclaim Plaintiffs Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation's Motion to Amend (Dkt. No. 259) is denied, and that Counterclaim I is dismissed.

**DATED** this 15th day of July, 2011.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA