IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. HOWARD MUSIN, JILL SCHWARTZ-MUSIN, SSC SERVICES, INC., M-S SERVICES, INC., SCHWARTZ'S SYSTEMS CORPORATION, Defendants. | No. 4:09-cv-00062-JAJ-CFB **ORDER** |

This matter comes before the court pursuant to defendant Howard Musin's August 9, 2011 Motion to Amend and Enlarge Findings and Conclusions and Judgment [Dkt. No. 278]. In it, the defendant is critical of a number of findings made by this court in its order filed July 12, 2011 [Dkt. No. 269].

The first criticism of this order is that it does not make separate and specific findings concerning each of the acts of wrongdoing committed by each of the defendants. Defendant Howard Musin attempts to claim that there was insufficient evidence of wrongdoing by him to justify an injunction. For example, he claimed at trial that he did not know that his wife had been barred from practicing before the IRS because it happened prior to their marriage. The court simply does not believe this testimony. There is no other credible explanation as to why Howard Musin had to sign every return that his wife prepared, despite the fact that his wife had more tax experience than him. He certainly knew that she had been convicted in federal court for a criminal offense relating to tax preparation. IRS and criminal sanctions against Jill Schwartz-Musin were not levied against Howard Musin. However, the court believes that Howard Musin was fully aware of them. In its resistance, the government documents a number of instances of Howard Musin's misconduct strikingly similar to those committed by his wife. He is equally

culpable and the injunction is equally applicable to Howard Musin.

Defendant also seeks to contest the number of returns fraudulently prepared and/or signed by the defendants. It is certainly true that the IRS settled a number of claims relating to audits of returns prepared by the defendants. The court reserved ruling on the admissibility of documents showing the ultimate disposition of many of these claims. While questioning the admissibility of these exhibits, the court wanted to give the defendants the opportunity to demonstrate that their conduct was not as bad as that alleged by the initial examiner. The court hesitated to admit these documents out of a concern that the disposition of these claims does not necessarily reflect whether the deductions were appropriate or not. Many other factors obviously can enter into those decisions.[1]

Defendant is critical of the court's findings concerning rent, grocery, meal and entertainment deductions. He cites the Coogan and Associates' tax return as an example. While some of the rent deductions taken are simply fraudulent (i.e., Ronomas, LLC and Chatterjee), other claims concerning deductions were completely inappropriate. For example, if partners used partnership funds to purchase their personal groceries, the Musins might construe those payments as "rent". The court will not amend its findings in this regard.

Similarly, if this court had to quibble about difficult questions of tax law, it never would have entered the injunction. The point concerning deductions for personal groceries should be obvious. There were no circumstances under which defendants could properly deduct a family's Thanksgiving meal. Similarly, no circumstances justify deducting a taxpayer's daily stops at Starbucks on the way to the office.

Similarly, the court's decision is not dependent on difficult questions concerning the obligation of a tax preparer to audit underlying data provided by their client. If the court

---

[1]All of the documents offered by the defendants to show the resolution of these claims are admitted with this understanding.

believed that the taxpayer genuinely represented, for example, that the utilities associated with an office in the home represented some proration of the total utilities paid, then Musins would be able to legitimately rely upon such a representation.[2] Sometimes without any backup data whatsoever, and other times with backup data that seemed consistent with her testimony, Jill Schwartz-Musin testified to recalling conversations in which she claimed that the taxpayer made such representations. In light of all the other evidence in this case, the court simply did not believe it.

The court made reference in its order to some exhibits that were not admitted into evidence. Each of these instances involved situations where the evidence solidly supports the court's finding of fact. A good example was the erroneous reference to Exhibit 1525 on pages 20 and 21 of the court's opinion. It related to advice by Jill Schwartz-Musin to the Kippenbergers to start a business. They were told that they could deduct their son's medical expenses relating to autism. The testimony concerning this return is found at pages 275-289, 552-557, 701-704 and pages 1404-1405. The testimony shows that the Kippenbergers had so little income from this alleged business that one would be very skeptical of the suggestion that they intended to earn a profit. All doubt in that regard is removed by the fact that expenses deducted consisted largely of medical treatments for the Kippenberger boy. Even Jill Schwartz-Musin had to admit that this was wrong. (Tr. 289)

The government characterizes the defendant's motion as an attempt to chip away at a mountain of evidence with a spoon. While the court regrets reference to a few exhibits that were not admitted at trial[3], exclusion of every item for which the defendant has

---

[2]There were instances in this case where that number was so big no one could believe that they had been prorated.

[3]These references were garnered from the government's motion for summary judgment. The defendants did not contest many of the government's statements of material fact. In light of the government's request that those facts be deemed admitted at trial, the court used the government's statement of material facts as a guide during trial to determine whether the

(continued...)

3

criticism would not change the result here. The decision is not dependent on any particular taxpayer's return or any particular category of claims. Rather, it is the wholesale pattern of unquestionably inappropriate returns that caused the injunction to issue.

Upon the foregoing,

**IT IS ORDERED** that this court's order of July 12, 2011, is amended to remove any reference to any exhibit not admitted at trial. It is further amended to reflect that only Jill Schwartz-Musin received IRS and criminal sanctions. The motion is otherwise denied.

**DATED** this 30th day of March, 2012.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

---

[3](...continued)
defendants were able to contest the material facts. The court found in the overwhelming majority of instances that the defendants were not able to produce evidence creating a genuine issue of material fact as to the government's claims.