# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. HOWARD MUSIN, JILL SCHWARTZ-MUSIN, SSC SERVICES, INC., M-S SERVICES, INC., SCHWARTZ'S SYSTEMS CORPORATION, Defendants. | No. 4:09-cv-00062-JAJ-CFB **ORDER** |

This matter comes before the Court pursuant to the Government's July 13, 2011 Motion for Entry of Amended Judgment of Permanent Injunction (Dkt. No. 271). Defendants filed a Resistance on July 28, 2011 (Dkt. No. 273), and the Government filed a Reply on July 29, 2011. (Dkt. No. 276).

## I. DISCUSSION

Previously, the Court permanently enjoined Defendants from acting as tax preparers under 26 U.S.C. § 7407. (Dkt. No. 269). Title 26 U.S.C. § 7402 also authorizes district courts to issue orders, including injunctions, that are necessary or appropriate for the enforcement of the internal revenue laws. After considering the Government's motion, as well as Defendant's resistance, the Court finds that the additional relief requested in the Government's Complaint (Dkt. No. 1) is appropriate pursuant to §§ 7407 and 7402.

Defendants contend that the Government made procedural errors in filing this motion. The first – that the Government neglected to attach a signature page – was remedied by the Government's *Errata* filing on July 28, 2011. (Dkt. No. 275). Second, Defendants contend that the Government failed to attach a brief as required by LR 7(d).

1

The Government responds, however, that they complied with LR 7(d)(8), which requires no brief when a motion is filed to "amend or supplement a motion, brief, or other document." Because the Government's motion sought amendment to the Court's previous Memorandum Opinion and Order, a brief was unnecessary.

Defendants also oppose having to turn over a customer list to the Government. Because Howard Musin signed every return submitted by Defendants to the IRS, they argue that such an order is unnecessary. However, the test for such relief under § 7402 is whether it is "necessary or appropriate." 26 U.S.C. § 7402. Because Defendant's misconduct was so widespread, and because multiple customers reported being unaware that Defendants were taking improper deductions on their behalf, the Court finds that such relief is appropriate in this case. *See United States v. Benson*, 561 F.3d 718, 727 (7th Cir. 2009) (requiring a promoter of a false tax scheme to turn over a customer list to the government). Additionally, a customer list will help the Government ensure compliance with the order that Defendants notify existing and former customers of the injunction against them. *See id.* Accordingly, the Court will order that Defendants turn over a customer list to the Government.

Finally, the Government seeks to have the Court order that "Defendants inform their customers of the injunction within thirty (30) days." Defendants resist this, arguing that this is unnecessary because the "great majority of the client returns discussed at trial involve clients whose returns have not been prepared by the Defendants for some time." However, the Court finds such relief appropriate to protect not only former but also current clients of the Defendants. *See Benson*, 561 F.3d at 727 (discussing district court's order that defendant "mail . . . a copy of the injunction order to every person and entity to whom he sold or furnished the [Packages]"). As the Government notes in its Reply, "both current and former customers may wish to have their tax returns amended which would be in their best interest and in the best interest of the public."

## II. CONCLUSION

Accordingly, the Government's Motion for Entry of Amended Judgment of Permanent Injunction (Dkt. No. 271) is granted in part.

Upon the foregoing,

**IT IS ORDERED** that Defendants Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation are permanently enjoined from acting as tax preparers under 26 U.S.C. § 7407.

**IT IS ORDERED** that Defendants Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation are permanently enjoined under 26 U.S.C. §§ 7407 and 7402 from representing customers before the IRS.

**IT IS ORDERED** that Defendants Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation and their representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, are permanently enjoined under 26 U.S.C. §§ 7407 and 7402 from engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

**IT IS ORDERED** that Defendants Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation are required to contact all persons and entities for whom they prepared any federal income tax returns or other tax-related documents after January 1, 2003, within 60 days, and inform those persons that they have been enjoined from preparing tax returns based on conduct occurring while the client's return was prepared.

**IT IS ORDERED** that Defendants Howard Musin, Jill Schwartz-Musin, SSC Services, Inc., M-S Services, Inc., and Schwartz's Systems Corporation must turn over to counsel for the United States a list of names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom Defendants

prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2003, within 60 days.

**IT IS ORDERED** that the United States may engage in post-judgment discovery to ensure compliance with the permanent injunction.

**IT IS ORDERED** that the United States is entitled to costs in this action.

**DATED** this 30th day of March, 2012.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA